## HAVENS, SHERIFF, *v.* McDARIS.

(Division A.   May 27, 1929.   Suggestion of Error Overruled July 15, 1929.)

[122 So. 494.  No. 27942.]

*J. A. Lauderdale,* Assistant Attorney-General, of Jackson, for appellant.

*J. A. Leathers,* of Gulfport, for appellee.

Argued orally by *J. A. Lauderdale,* Assistant Attorney-General, for appellant.

SMITH, C. J., delivered the opinion of the court.

In December, 1928, the appellant, who lived in Harrison county, Mississippi, determined to leave the state for the purpose of going to Central America on a visit of several months' duration. She stored an automobile then owned by her, and left the state, but, for reasons unnecessary to here set forth, returned thereto in January, 1929. On January 14th, she applied to the appellant, the sheriff of Harrison county, for a privilege tax license on her automobile for the year, 1929, but he declined to issue the license unless the appellee paid, in addition to the regular fee therefor, one hundred per cent, thereof as a penalty for not having ap-

plied for the license during the month of December, 1928. The appellee thereupon filed a petition for a writ of mandamus, directing the appellant to issue the license without requiring her to pay any penalty thereon; and the court below rendered a judgment accordingly.

Section 2, chapter 230, Laws of 1928, imposes a tax on automobiles for the privilege of using them on the public roads or streets; and section 3 thereof fixes the amount of the tax on automobiles of the character of the one owned by the appellee. Section 4 thereof provides that: "During the month of December of each year, the foregoing tax fee shall be paid in the county where owner resides or in the county where the car is used, for the following calendar year, and any person becoming liable for such tax after the first day of January of any year, shall pay the proportionate part of such tax for the remainder of the calendar year beginning with the first day of the month within which such liability shall have accrued; . . . and, if the foregoing taxes are not paid during the month within which such liability shall have accrued, one hundred per cent damage shall be paid," etc. Section 5 requires the owner of an automobile, when applying for a privilege tax license thereon, to disclose to the tax collector "the date of delivery of the vehicle to the owner." Section 18 makes it a misdemeanor to drive an automobile without a license tag thereon.

The contention of the appellee in effect is that, the tax being for the privilege of using the public roads and streets, it follows therefrom that the owner of an automobile does not become liable therefor unless and until he uses the automobile on a public road or street; in other words, that a person who owns an automobile in December is not liable for the tax thereon for the year following unless and until he uses the automobile on the public roads during that year, and all that an owner of an automobile is required by the statute to do is to pay the tax

before he uses the automobile on a public road or street. We do not so understand the statute. Section 4 thereof expressly provides that the tax shall be paid "during the month of December . . . for the following year," thereby covering, *ex vi termini*, any automobile a person then owns. Any doubt is cleared up by the requirement of section 5, that the owner of an automobile, when applying for the license thereon, shall advise the tax collector of the date on which the automobile was delivered to him. The provision for the payment of the tax by persons becoming liable therefor after the 1st day of January refers to persons becoming liable therefor by becoming the owner of an automobile after the 1st day of January.

*Reversed, and cause dismissed.*